C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
JOSEPH COONEY,                                              :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                  Plaintiff,                   :
                                                            :    13 Civ. 5662 (BMC)(LB)
              - against -                        :
                                                            :
BARRY SCHOOL OF LAW, also known as                          :
Dwayne O. Andreas School of Law,                            :
                                                            :
                  Defendant.                   :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff *pro se* brings this action against his former law school, alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. Defendant has moved to dismiss on the ground of insufficient service of process; lack of personal jurisdiction, and improper venue. Alternatively, defendant seeks to transfer this action to the Middle District of Florida for the convenience of parties and witnesses and in the interest of justice. I hold that service of process was insufficient and venue is improper in this district. Plaintiff will be given an opportunity to advise the Court whether he wants the case dismissed or transferred.

## BACKGROUND

      The allegations of the complaint arise from plaintiff's enrollment at defendant's law school. Plaintiff is a New York resident, defendant is a Florida corporation, and plaintiff enrolled as a student in 2010. In 2011, presumably when plaintiff was a second year student, he suffered a condition that resulted in blindness in his right eye. He asked one of his professors for

an extension of time to submit an assignment. The Professor said that she wished there was something she could do for plaintiff, but she never offered any extra time to complete the assignment or other accommodation. As a result, plaintiff could not submit the assignment, and he was placed on academic probation.

Defendant maintains a student support program called the "Academic Success Program." Plaintiff alleges that the director of that program is prejudiced against the disabled, and would not consider plaintiff for participation. Participation either facilitates or is a prerequisite for an extended period of academic probation. Thus, by excluding plaintiff, he effectively lost his chance for an extension of his period of academic probation.

Nevertheless, plaintiff requested an extension of his academic probation for the Spring, 2012 semester, after he narrowly missed the cut-off (2.0 grade point average). Defendant convened an administrative hearing, but a member of the hearing panel told plaintiff that since he was still blind in one eye, extending probation would not do him any good since his partial blindness would preclude him from succeeding in law school. The hearing panel therefore denied the application for extended probation, and defendant terminated plaintiff's enrollment. Plaintiff asserts that defendant denied extended probation to three out of four disabled students who had applied for it.

Plaintiff seeks an injunction requiring defendant to readmit him as a student and for damages caused by the termination of his enrollment.

**DISCUSSION**

**I. Insufficient Service of Process**

Plaintiff effected service of the summons and complaint on Charlene Ford, defendant's Director of Student Life and Interim Director of Admissions, when she attended a law student recruiting fair in New York City. Defendant claims that service was insufficient because Ms. Ford does not qualify as a person who may be served under applicable law.

Federal Rule of Civil Procedure 4(h)(1) provides alternative methods for serving a corporation, or a partnership or other unincorporated association, within the United States. Under Rule 4(h)(1)(B), a business entity may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by law to receive service of process … ." Under Rule 4(h)(1)(A), a business entity may be served "in the same manner as an individual" as provided by Rule 4(e)(1). Rule 4(e)(1), in turn, allows service in accordance with state law. In this case, the applicable state law is N.Y. C.P.L.R. § 311(a)(1), which authorizes service upon "an officer, director, managing, or general agent … ." This provision circles back to Rule 4 as C.P.L.R. § 311(a) is based on the same language in Rule 4, see N.Y. C.P.L.R. § 311 (McKinney 2013) (historical and statutory notes), and it is therefore appropriate to construe the provisions *in pari materia*.

Although Ms. Ford bears the title of "director" or "interim director," both sides appear to recognize that "director" refers to a member of a corporation's board of directors. See 3B Carmody-Wait New York Practice §24:125 (2d ed. 2013) ("service is not effective where it is made upon a person who is only an ex-officio member of the board of directors and of standing committees, with no right to vote or in any way conduct the business affairs of or to manage the corporation."). The argument here, instead, is whether Ms. Ford qualifies as a "managing or

3

general agent" as defined either under Rule 4(h)(1)(B) or, through Rule 4(h)(1)(A), C.P.L.R. § 311(a)(1).

There are not as many cases construing these terms, either state or federal, as one might think, and those that have been decided are very fact-specific. The closest case to our facts appears to be Popkin v. Xerox Corp., 204 A.D.2d 704, 612 N.Y.S.2d 250 (2d Dep't 1994). There, the plaintiff served as the "financial control manager" of one of the defendant's district offices. The financial control manager supervised eight or nine people. Despite her supervisory role, the Appellate Division held that "it was not reasonable for the process server to conclude that [the financial control manager] was a 'managing agent'", id. at 705, 612 N.Y.S.2d 250, and it found that service was invalid. See also Fernandez v. Town of Babylon, 104 A.D.3d 643, 961 N.Y.S.2d 223 (2d Dep't 2013) ("Project Manager" did not qualify as managing or general agent).

Popkin demonstrates that the phrase "managing or general agent" does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise. This defeats plaintiff's argument that as a representative, Ms. Ford is an "agent." She is, of course, but so is any employee who takes authorized action on behalf of defendant. "Managing or general agent" is a term of art with a narrower meaning than just "agent." This narrower construction is consistent with the other listed categories of authorized persons to receive service, such as officers and directors. Indeed, the reference in C.P.L.R. § 311(a)(1) to "cashier or assistant cashier" refers to "a financial official within the ranks of the managerial hierarchy, not a check-out clerk at the counter of a retail store." N.Y. C.P.L.R. § 311(a) (McKinney 2013) (Official Commentary C311:1, citing Oustecky v. Farmingdale Lanes, Inc., 41 Misc.2d 979, 246 N.Y.S.2d 859 (Sup. Ct. Nassau Co. 1964)).

This limitation to the higher end of the corporate hierarchy is particularly applicable here because plaintiff has misnamed the corporate defendant.  He has purported to sue "Barry School of Law a/k/a Dwayne O. Andreas School of Law," but defendant has advised that the corporation is actually Barry University, Inc.  One of its colleges appears to be the Dwayne O. Andreas School of Law, which is the college that plaintiff attended, but as a college within the university, it has no separate corporate existence, and plaintiff's suit is therefore properly against Barry University, Inc.  What this means is that Ms. Ford has a relatively small role to play within the corporation – she handles admissions at one of a number of colleges (defendant's website reflects at least nine).  That does not invest her with the kind of senior corporate authority that the term "managing or general agent," as defined in Rule 4 and its incorporation of state law, contemplates.

Accordingly, plaintiff has failed to effect proper service on defendant.  In such circumstances, the Court has discretion to either dismiss the case with leave to refile, or to quash service so that a plaintiff can again attempt proper service.  5B Wright & Miller, Federal Practice and Procedure §1354, n. 4-9 (3d ed. 2013).  The Second Circuit has suggested that when it is likely that the plaintiff will be able to effect proper service, the proper remedy may be to quash service rather than dismiss the case, see Alexander v. Unification Church of America, 634 F.2d 673, 675 (2d Cir. 1980), abrogated on other grounds by PSI Metals, Inc. v. Firemen's Ins. Co. of Newark, N.J., 839 F.2d 42 (2d Cir. 1988); Grammenos v. Lemos, 457 F.2d 1067, 1071 (2d Cir. 1972), although the matter remains committed to the Court's discretion, see Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 739-40 (2d Cir. 1985).  Since defendant, as a Florida corporation, should not be difficult to serve, service is quashed, and the case will continue.

**II. Improper Venue**

The permissible venue for non-employee claims under the ADA, 42 U.S.C. § 12182, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, is determined by the general venue provision for federal question cases, 28 U.S.C. § 1391(b). That statute allows venue in either (1) the district of the defendant's residence; (2) the district where "a substantial part of the events giving rise to the claim occurred"; or, (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction. This third grant has no applicability because defendant resides in the Middle District of Florida and that is where the events giving rise to this action occurred. Venue is therefore improper in this district.

When venue is improper, it is within the Court's discretion to either dismiss the case or transfer it to a proper venue under 28 U.S.C. § 1406. Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 435 (2d Cir. 2005). Here, plaintiff has indicated that he lacks sufficient resources to prosecute the action outside of his home forum. That is a factor that would weigh against a transfer on convenience grounds, but it cannot solve plaintiff's problem that venue in this district is prohibited. Based on plaintiff's indication that he cannot prosecute the action in the Middle District of Florida, the case will be dismissed, unless plaintiff advises the Court within 14 days that he prefers to have the action transferred.

**III. Other issues**

Since venue is improper in this district, the Court need not determine whether venue should be transferred for the convenience of witnesses and in the interests of justice under 28 U.S.C. § 1404(a). Similarly, since service of process has been quashed and the action will proceed, if at all, in the Middle District of Florida where defendant is present, the Court need not

determine whether defendant is subject to personal jurisdiction in New York. See Montalbano, 766 F.2d at 740.[1]

## CONCLUSION

Defendant's motion to dismiss is granted to the extent that service is quashed. Plaintiff shall advise the Court within 14 days whether he wishes to have this action transferred to the Middle District of Florida; in the absence of such advice, the action will be dismissed for improper venue.

**SO ORDERED.**

                                                                                           U.S.D.J.

Dated: Brooklyn, New York
         January 10, 2014

---

[1] Although the Court is not reaching these issues, the treatment of the venue-related issues by defendant's attorneys is disconcerting. First, defendant came dangerously close to waiving its improper venue argument. Although its moving memorandum contained a heading entitled "Improper Venue," and it cited to Rule12(b)(3) and 28 U.S.C. § 1406 as well as §1404(a), its argument was entirely based on a convenience transfer, not improper venue. It never cited 28 U.S.C. § 1391(b) to establish that venue was improper here until its reply brief. However, since it did request dismissal for improper venue in its moving memorandum, albeit perfunctorily, and the absence of venue is clear so that plaintiff was not prejudiced, the Court has entertained the argument.

In addition, in arguing lack of personal jurisdiction and for a convenience transfer, defendant's attorneys seem to have forgotten which court they were in. First, citing Holey Soles Holdings, Ltd. v. Foam Creations, Inc., No. 05 cv 6939, 2006 WL 1147963 at *4 (S.D.N.Y. May 1, 2006), defendant asserted that "[a]t least one court in this District noted the dangers of conferring general jurisdiction over a company simply because it has a website that 'allows anyone with an Internet connection around the globe' to learn about the company's products … ." But the Holely court is not within *this* district. This was no isolated oversight. In arguing that venue should be transferred, defendant asserted that "'[t]he S.D.N.Y. is regarded as one of the busiest courts in the nation and should not be burdened with matters occurring in another jurisdiction," and cited a Southern District of New York case for that proposition, Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 579 (S.D.N.Y. 2001). The Court expects more from lawyers at a substantial defense firm, especially when they are litigating against a *pro se* plaintiff.